IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEAL GRAVES, | § | |
| TDCJ #1363998, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1161 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Neal Graves (TDCJ #1363998, former TDCJ #293700), seeks a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254. The respondent has answered with a motion for summary judgment (Docket No. 8), arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Graves has filed a reply. (Docket No. 12). After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

**I.     BACKGROUND**

Graves is currently in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ") as the result of a conviction for aggravated robbery with a deadly weapon in Harris County cause number 1030831. A jury in the 182nd District Court of Harris County, Texas, found Graves guilty as charged

of aggravated robbery with a deadly weapon. After Graves conceded that he had at least two prior felony convictions for aggravated robbery and robbery, the trial court sentenced Graves to 35 years' imprisonment on January 23, 2006.

An intermediate court of appeals affirmed the conviction in an unpublished opinion. *See Graves v. State*, No. 14-06-00106-CR, 2007 WL 1079823 (Tex. App. ─ Houston [14th Dist.] April 12, 2007). Graves did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Graves now seeks a writ of habeas corpus to challenge his aggravated robbery conviction under 28 U.S.C. § 2254. In this petition, which was filed on March 29, 2011,[1] Graves complains that the prosecution used false statements and perjured testimony to obtain his conviction. Graves also complains that he was denied effective assistance of counsel. The respondent argues that the petition must be dismissed as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). The parties' contentions are discussed further below under the governing standard of review.

---

[1] The Clerk's Office received the petition on March 31, 2011, and filed it that same day. However, under the "mailbox rule," a reviewing court treats the date a *pro se* prisoner deposits his habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Graves executed his petition on March 29, 2011, indicating that he placed his petition in the prison mail system on that day. Thus, under the mailbox rule, the petition is deemed filed as of March 29, 2011.

## II.  DISCUSSION

### A.  One-Year Statute of Limitations

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The Supreme Court has recognized that "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in § 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179.

In this case, Graves challenges a state court conviction that was entered on January 23, 2006. Where a state court judgment is at issue, the statute of limitations for federal habeas corpus review begins to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Supreme Court has recognized that a state conviction is "final" under the AEDPA when there is no further "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)). Graves's conviction was

affirmed on direct appeal on April 12, 2007. Although Graves did not appeal further by filing a petition for discretionary review with the Texas Court of Appeals, his time to do so expired thirty days later, making his conviction final on May 14, 2007. *See* TEX. R. APP. P. 26.2; *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003). That date triggered the AEDPA statute of limitations, which expired one-year later on May 14, 2008. The pending federal habeas petition, filed on March 29, 2011, is late by nearly three years (1049 days) and is time-barred unless an exception applies.

### B.     Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. The record shows that, on August 6, 2007, Graves filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure to challenge his conviction for aggravated robbery in cause number 1030831. On May 5, 2010, the state habeas corpus court, which also presided over Graves's trial, entered findings of fact and recommended that relief be denied. The Texas Court of Criminal Appeals agreed and denied relief without a written order on June 9, 2010. *See Ex parte Graves*, No. 73,956-01. Although this application was pending for a substantial amount of time (1038 days), extending the deadline from May 14, 2008 through March 18, 2011, the federal habeas corpus petition that Graves executed on May 29, 2011 remains untimely.

Graves raises no other valid basis for statutory tolling of the limitations period and the record does not disclose any. In that regard, Graves does not demonstrate that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to toll the limitations period.

### C.   Equitable Tolling

Graves has filed a response to the summary judgment motion (Docket No. 12), but he does not request tolling for equitable reasons. Equitable tolling is an extraordinary remedy which is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010)) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Graves fails to meet either of these criteria for reasons discussed further below.

The chronology of this case shows that Graves's conviction became final on May 14, 2007. Graves waited more than two months to file a state habeas corpus application on August 7, 2007. After the Texas Court of Criminal Appeals denied Graves's state habeas corpus application on June 9, 2010, Graves waited more than nine months to execute his federal habeas corpus petition on March 29, 2011. Graves provides no explanation for this delay. It is well established in this circuit that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Although Graves has represented himself on habeas corpus review, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). A habeas petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). The Fifth Circuit has counseled, however, that the doctrine of equitable

tolling is applies, if at all,"restrictively," and "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)). Given the length of delay and the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Graves has not established that he is entitled to equitable tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which

requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fifteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Docket No. 8) is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 31st day of August, 2011.

_____
Kenneth M. Hoyt
United States District Judge